[PUBLISH]

CORRECTED

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12330
Non-Argument Calendar
_____

Agency No. A099-239-422

JOHN TSIBO FYNN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

John Tsibo Fynn, a native and citizen of Ghana, seeks review of the Board

of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ")

denial of his application for a waiver of the joint-filing requirement to remove the conditions on his lawful permanent residence under 8 U.S.C. § 1186a(c)(4)(B). The IJ denied Fynn a waiver based on an adverse credibility finding, which the BIA affirmed.  On appeal, Fynn argues that: (1) the agency erred in denying his waiver because, based on the totality of the facts and circumstances, a reasonable fact finder would conclude that he and ex-wife Brande Mitchell entered into their marriage in good faith; and (2) the IJ erred in weighing the evidence and relied on supporting evidence without proper inquiry, which violated his due process rights. In response, the government claims that we lack jurisdiction to review Fynn's claims.  After thorough review, we dismiss the petition.

We review de novo our own subject matter jurisdiction.  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

First, we agree with the government that we lack jurisdiction over Fynn's claim that he and his ex-wife entered into their marriage in good faith.  As the Immigration and Nationality Act ("INA") makes clear, we lack jurisdiction to review a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under [8 U.S.C. §§ 1151-1378] to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii); see also Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1361 (11th Cir. 2006).  Nevertheless, we retain jurisdiction over a petition's

constitutional claims or questions of law, such as statutory eligibility for discretionary relief.  8 U.S.C. § 1252(a)(2)(D); Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 n.4 (11th Cir. 2010).   Argument that the IJ or BIA abused its discretion by improperly weighing evidence is a "garden-variety abuse of discretion argument" that is insufficient to state a legal or constitutional claim. Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1196-97 (11th Cir. 2008).

The INA explicitly assigns to the Secretary of Homeland Security the discretion to "remove the conditional basis of the permanent resident status for an alien" who demonstrates that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated."  8 U.S.C. § 1186a(c)(4)(B).   The statute further provides that "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Secretary of Homeland Security."  Id. § 1186a(c)(4).

Even though a majority of circuit courts to have considered the issue have determined that they have jurisdiction to review whether a marriage was entered into in good faith,[1] all but one circuit has indicated that it lacks jurisdiction to

---

[1]   The First, Sixth, Eight, Ninth, and Tenth Circuits have held that they have jurisdiction to review the determination existed that the marriage was not entered into in good faith.  See Johns v. Holder, 678 F.3d 404, 407 (6th Cir. 2012) (persuasive authority); Iliev v. Holder, 613 F.3d 1019, 1023 (10th Cir. 2010) (relying on the plain language of § 1252(a)(2)(B)(ii) and (D) to determine jurisdiction existed to the extent that the petitioner was raising a legal claim) (persuasive authority); Ibrahimi v. Holder, 566 F.3d 758, 763-64 (8th Cir. 2009) (indicating that while the good-faith marriage determination involved some fact-finding, the question of whether a marriage was entered into in good faith was a "predicate legal question" that amounted to a

review challenges to the agency's credibility determination and the weight given to the evidence as related to § 1186a(c)(4).  Compare Boadi v. Holder, 706 F.3d 854, 860-61 (7th Cir. 2013) (finding no jurisdiction to review credibility determination and weight given to the evidence) (persuasive authority); Johns, 678 F.3d at 406 (same); Iliev, 613 F.3d at 1023, 1027-28 (same); Contreras-Salinas v. Holder, 585 F.3d 710, 713-15 (2d Cir. 2009) (same) (persuasive authority), Cho, 404 F.3d at 101 (same), with Oropeza-Wong, 406 F.3d at 1143-47 (finding jurisdiction to review the credibility determination and weight given to the evidence based on the legislative history).

Based on the language of §§ 1186a(c)(4) and 1252(a)(2)(B)(ii), we agree with the majority of our sister circuits and conclude that we lack jurisdiction to review Fynn's petition.  Section 1186a(c)(4) explicitly provides that the Secretary of Homeland Security has the "sole discretion" to determine what evidence is credible and the weight given to such evidence.  8 U.S.C. § 1186a(c)(4). Additionally, of the six circuit courts that have considered the issue, five of them

nondiscretionary determination related to the eligibility for relief that the Court had jurisdiction to review) (persuasive authority); Oropeza-Wong v. Gonzales, 406 F.3d 1135, 1143 (9th Cir. 2005) (finding jursdiction because "[p]etitions for statutory waivers under § 1186a(c)(4)(B) on the basis of a good faith marriage involve legal and factual questions that are not subject to the pure discretion of the IJ or BIA") (persuasive authority); Cho v. Gonzales, 404 F.3d 96, 101 (1st Cir. 2005) (finding jurisdiction because "the decision whether an alien has married in good faith is not completely discretionary but is, rather, a decision with a legal component that helps define the class of aliens eligible for hardship waivers") (persuasive authority).  However, the Third and Fifth Circuits have held that they lack jurisdiction to review such determinations.  Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) (persuasive authority); Urena-Tavarez v. Ashcroft, 367 F.3d 154, 160 (3d Cir. 2004) (persuasive authority).

4

have relied on the plain language of § 1186a(c)(4) and the jurisdictional bar to discretionary determinations in § 1252(a)(2)(B)(ii) to determine that they lack jurisdiction to review credibility determinations and the weight given to the evidence when reviewing the denial of a waiver of a joint petition under § 1186a(c)(4)(B).  See Boadi, 706 F.3d at 860-61; Johns, 678 F.3d at 406; Iliev, 613 F.3d at 1023, 1027-28; Contreras-Salinas, 585 F.3d at 713-14; Ibrahimi, 566 F.3d at 764; Cho, 404 F.3d at 101.

Fynn attempts to circumvent this jurisdictional bar in his reply brief by asserting that he is raising a legal claim over which we have jurisdiction, specifically that the IJ failed to consider probative testimony as to ex-wife's medical condition.  However, contrary to this assertion, Fynn's initial brief reflects that he is challenging the agency's adverse credibility determination and the weight given to the evidence, not raising a legal question.  In his initial brief, Fynn highlights the ways in which his and his ex-wife's testimony was consistent and argues that the inconsistencies can be explained by the passage of time and his ex-wife's medical condition.  He explicitly argues that the agency did not give "sufficient weight" and did not "properly weigh" the impact of her medical condition and medication on her testimony.  Moreover, in his reply brief, Fynn acknowledges that the agency did consider her condition, but argues that the agency should have given it more weight in making the adverse credibility

5

determination.  In short, regardless of Fynn's attempts to characterize his claim as a legal question, he is essentially challenging the agency's credibility determination and the relative weight accorded to the evidence, which is a "garden-variety abuse of discretion argument" that is insufficient to state a legal claim over which we have jurisdiction under § 1252(a)(2)(D).  See Alvarez Acosta, 524 F.3d at 1196-97.  Therefore, we dismiss Fynn's petition for review as to this issue.

We also conclude that we lack jurisdiction to review Fynn's due process challenge.  Indeed, we may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  If a petitioner has failed to exhaust his administrative remedies, we lack jurisdiction to consider the claim.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006).

In this case, we lack jurisdiction to consider Fynn's due process claim. While Fynn asserts that the agency violated his due process rights, he is merely reiterating the arguments he raised above and challenging the weight given to the evidence.  Accordingly, for the reasons discussed above, we lack jurisdiction to review such arguments.  To the extent that Fynn is in fact raising a due process claim, we lack jurisdiction to review such a claim because Fynn failed to exhaust this claim before the BIA.  Id.

**PETITION DISMISSED.**

6