[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11831
Non-Argument Calendar
_____

Agency No. A201-241-787

GABOR ACS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 6, 2015)

Before MARCUS, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Gabor Acs petitions for review of the final order of the Board of Immigration Appeals (BIA) dismissing Acs's appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT) and the Immigration and Nationality Act (INA) § 241(b)(3), 8 U.S.C. § 1231(b)(3). He argues that the BIA and IJ failed to consider his credible testimony when determining that his asylum application was time-barred. He also argues that the BIA's and IJ's determinations that he was not eligible for withholding of removal or CAT relief are not supported by substantial evidence.

## I.

We review our subject matter jurisdiction de novo. *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 860 (11th Cir. 2007) (per curiam). Because the BIA explicitly agreed with all of the IJ's findings in this case, we review the decisions of the BIA and the IJ. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

Generally, we lack jurisdiction to review the Attorney General's determinations with regard to the timeliness of an asylum application or an exception to the one-year time bar for filing an asylum application. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (per curiam). We have jurisdiction to review any

constitutional claims or questions of law raised in a petition for review.

INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  However, we have concluded that

the timeliness of an application is not a constitutional claim or question of law.

*Chacon-Botero*, 427 F.3d at 957.  Furthermore, "[an a]rgument that the IJ or BIA

abused its discretion by improperly weighing evidence is a garden-variety abuse of

discretion argument that is insufficient to state a legal or constitutional claim."

*Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1252 (11th Cir. 2014) (per curiam)

(internal quotation marks omitted).  Accordingly, because Acs's only argument

with respect to the IJ's and BIA's determinations that his application's

untimeliness was not excused is that they erroneously failed to consider his

testimony, we lack jurisdiction to review that conclusion.

## II.

We review the BIA's and IJ's factual findings under the substantial evidence

test, and we affirm the BIA's and IJ's decision if the decision is supported by

reasonable, substantial, and probative evidence on the record considered as a

whole.  *Delgado*, 487 F.3d at 860.  We review the evidence in the light most

favorable to the government, and we draw all reasonable inferences in favor of the

agency's decision.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006)

(per curiam).  We only reverse a factual determination if the record compels

reversal.  *Id.*  When reviewing the record, the BIA and IJ may rely heavily on State

3

Department reports, including Country Reports. *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1243 (11th Cir. 2004).

An individual subject to removal is entitled to withholding of removal when his life or freedom would be threatened in the country of removal because of his "race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). Homosexuals constitute a "particular social group." *Ayala*, 605 F.3d at 949. To qualify for withholding of removal, an individual subject to removal must show a clear probability of persecution, meaning that he more likely than not would be persecuted upon returning to the country because of a protected characteristic. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004).

Persecution requires more than isolated incidents of verbal harassment or intimidation. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009). We have previously concluded that the record did not compel a conclusion that a petitioner suffered past persecution when he testified that he was verbally threatened; detained for 36 hours; beaten with a belt and kicked by police officers, resulting in scratches and bruises; and forced to drink some dirty liquid and eat something "very, very, very bad." *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171–74 (11th Cir. 2008) (internal quotation marks omitted). We have also concluded that a determination of past persecution was not compelled by the

4

record when the petitioner testified that he was arrested at a demonstration, interrogated and beaten for five hours, and detained for four days, but presented no evidence of physical harm. *Kazemzadeh*, 577 F.3d at 1353.

Persecutory actions may constitute economic persecution if they cause a "severe economic disadvantage" to the individual subject to removal, considering his net worth, his sources of income, and the condition of the local economy. *Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1156 (11th Cir. 2014) (internal quotation marks omitted). To satisfy this standard, the persecution must reduce the standard of living of the individual subject to removal to an "impoverished existence." *Id.* (internal quotation marks omitted).

An individual subject to removal is eligible for CAT relief if he establishes that it is more likely than not that he will be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). To constitute torture, the individual subject to removal must be subjected to severe physical or mental pain or suffering. *Id.* § 208.18(a)(1). The torture must be committed by the government or with the acquiescence of the government. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) (per curiam).

Substantial evidence supports the BIA's and IJ's determination that Acs was not entitled to withholding of removal. Acs's testimony does not compel a finding of past persecution because he testified that the cut he suffered during an attack at a

5

gay pride parade did not require medical attention, and apart from that single attack, he only testified to isolated incidents of verbal harassment. *See Djonda*, 514 F.3d at 1171–74. The record also lacks physical evidence corroborating Acs's physical injury. *Kazemzadeh*, 577 F.3d at 1353. Further, substantial evidence supports the determination that Acs did not establish a clear probability of future persecution, as the Country Report for Hungary reported that Hungary prohibits employment discrimination and hate crimes based on sexual orientation. Finally, the record does not compel a determination that Acs faces a clear probability of economic persecution because Acs's testimony did not demonstrate that he would be reduced to an "impoverished existence" in Hungary. *See Wu*, 745 F.3d at 1156–57. Therefore, we deny Acs's petition with regard to his claim for withholding of removal.

Finally, substantial evidence supports the BIA's and IJ's determination that Acs was not entitled to CAT relief. Acs provided no evidence showing that he would face torture upon his return. Moreover, the Country Report for Hungary provides substantial evidence that any harassment against Acs would not be committed by the Hungarian government or with the acquiescence of the Hungarian government. *Lapaix*, 605 F.3d at 1145. Therefore, we deny Acs's petition with regard to his claim for CAT relief.

Upon review of the entire record on appeal and after consideration of the parties' appellate briefs, we dismiss the petition as to the denial of Acs's application for asylum and deny the petition as to his application for withholding of removal and relief under CAT.

**PETITION DISMISSED IN PART, DENIED IN PART.**