[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15406
Non-Argument Calendar
_____

Agency No. A087-249-264

MICHELLE POWELL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 24, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Michelle Powell, who had been conditionally granted lawful permanent resident status through her former marriage, appeals the denial of her application for a waiver of the requirements for removing the conditional basis of her lawful

permanent residence status.    The Immigration Judge ("IJ") and Board of Immigration Appeals ("BIA") had denied her application based on a finding that Powell failed to meet her burden of establishing that she entered into the marriage in good faith. After careful review, we dismiss the petition.

We review de novo our own subject matter jurisdiction.  Fynn v. U.S. Att'y Gen., 752 F.3d 1250, 1252 (11th Cir. 2014).  We review only the decision of the BIA, except to the extent the BIA expressly adopted or explicitly agrees with the opinion of the IJ.  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 947-48 (11th Cir. 2010).

Under the discretionary-decision bar of the Immigration and Nationality Act ("INA"), we lack jurisdiction to review a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under [8 U.S.C. §§ 1151-1378] to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii); see also Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1361 (11th Cir. 2006).    Despite this jurisdictional bar, we retain jurisdiction over legal and constitutional claims raised in a petition for review.  8 U.S.C. § 1252(a)(2)(D); Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 n.4 (11th Cir. 2010).    An argument that the IJ or BIA abused its discretion by failing to properly weigh evidence or the facts as presented is a "garden-variety abuse of discretion argument" that is insufficient to state a legal or constitutional claim.  Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1196-97

(11th Cir. 2008). In contrast, the "application of an undisputed fact pattern to a legal standard" is a legal question subject to our review. Bedoya-Melendez v. U.S. Att'y Gen., 680 F.3d 1321, 1324 (11th Cir. 2012) (quotation omitted).

According to the INA, an alien who obtains conditional lawful permanent resident status based on a qualifying marriage must timely file a joint petition with her spouse to remove the conditional basis of her status, and if she does not do so, her status will be terminated. 8 U.S.C. § 1186a(c)(1)-(3). The joint petition must show that the marriage was lawful, has not been annulled or terminated, and was not entered into for immigration purposes. 8 U.S.C. § 1186a(d)(1)(A). If an alien does not file a joint petition or make the required showing, the Secretary of Homeland Security may, in his discretion, grant a waiver, and nevertheless remove the conditional basis of the alien's resident status, if the alien demonstrates that "the qualifying marriage was entered into in good faith by the alien [ ], but the qualifying marriage has been terminated" and the failure to meet the requirements was not the alien's fault. 8 U.S.C. § 1186a(c)(4)(B). The statute further provides that "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Secretary of Homeland Security." 8 U.S.C. § 1186a(c)(4).

In Fynn, we held that we lacked jurisdiction to review an alien's challenges to the weight accorded to evidence or credibility determinations made in deciding

3

whether an alien entered into her marriage in good faith.  752 F.3d at 1253.  We noted that Fynn's reply brief sought to frame his challenge as a legal claim that the IJ failed to consider certain probative testimony, but that his initial brief made clear that he was challenging the agency's adverse credibility determination and the weight assigned to the evidence.  Id.  Specifically, Fynn sought to explain inconsistencies in certain testimony and challenge the weight given to certain inconsistencies.  Id.  We held that challenges to the good faith determination that focused on the weight of the evidence were barred.  Id. at 1252-53.

Here, we lack jurisdiction under the INA and Fynn to review Powell's petition.  See Fynn, 752 F.3d at 1252.  To the extent Powell argues that substantial evidence does not support the finding that her marriage was not entered into in good faith, she is challenging the weight accorded to the evidence, which we cannot review.  See id.  Moreover, while Powell argues that the BIA legally erred by applying the wrong standard of proof, she acknowledges that the BIA cited the correct standard; as a result, Powell essentially is arguing that the BIA erred by finding that her evidence was insufficiently compelling, in light of the evidence as a whole, to meet the standard.  Thus, she is raising a garden-variety abuse-of-discretion argument, not a legal issue.  See Alvarez Acosta, 524 F.3d at 1196-97.

Finally, Powell's reliance on Lara v. Lynch, 789 F.3d 800 (7th Cir. 2015), is misplaced.  Not only is Lara, a Seventh Circuit case, not binding on this Court, but

it is inapposite anyway.  Lara concerned an argument that the BIA erred as a matter of law by accepting as credible the petitioner's unrebutted testimony, but nevertheless failing to draw the necessary and inescapable conclusion that the preponderance standard was met.  See Lara, 789 F.3d at 804-05.  The argument in Lara, therefore, was about the "application of an undisputed fact pattern to a legal standard," which is a question of law.  See id.; Bedoya-Melendez, 680 F.3d at 1324.  Here, by contrast, the evidence is not undisputed, and Powell is not raising a legal issue, but instead challenging the weighing of the evidence.  Accordingly, we lack jurisdiction to review her claims, and dismiss the petition for review.

**PETITION DISMISSED.**