[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11171
Non-Argument Calendar
_____

Agency No. A088-662-707

ABDUL RAZZAK KANJIANI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 7, 2018)

Before WILLIAM PRYOR, NEWSOM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Abdul Razzak Kanjiani, a native and citizen of Pakistan, petitions for review

of the decision affirming an order that removed him from the United States. The

Board of Immigration Appeals agreed with the findings of the immigration judge that Kanjiani was ineligible for asylum because he had been convicted of an aggravated felony, he was not credible, and he failed to establish a well-founded fear of future religious persecution as a Shia Muslim. We dismiss Kanjiani's petition.

We lack jurisdiction to review Kanjiani's petition for review. Because Kanjiani conceded that he was removable for committing a crime relating to controlled substances, 8 U.S.C. § 1227(a)(2)(B)(i), and for committing an aggravated felony, *id.* § 1227(a)(2)(A)(iii), we lack jurisdiction to review the final order of removal against him. *See id.* § 1252(a)(2)(C). Although we retain jurisdiction to review "constitutional claims or questions of law," *id.* § 1252(a)(2)(D), Kanjiani's challenges to the adverse credibility determination and to the weight given to his corroborating evidence are "insufficient to state a legal claim over which we have jurisdiction," *Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1253 (11th Cir. 2014). Kanjiani also contests the finding that his conviction for selling methylenedioxypyrovalerone qualifies as a particularly serious crime, but we will not consider an issue that the Board declined to address on appeal. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We **DISMISS** Kanjiani's petition for review.