[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12893
Non-Argument Calendar
_____

Agency No. A216-171-749

CARLOS POSADAS PAGUADA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 1, 2019)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Carlos Posadas Paguada is a native and citizen of Honduras who fears persecution by gang members if he is returned to his home country. He claims that one of his sisters was raped by gang members in Honduras, another sister was kidnapped and beaten, and his family was threatened by the perpetrators of both incidents.

The government initiated proceedings to remove Posadas Paguada from the United States in 2017. Among other grounds, the government alleged that he was subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(II) because he had been convicted of a controlled-substance offense. Posadas Paguada, who was represented by counsel, conceded removability as charged and then, seeking to prevent his removal, filed applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). An immigration judge ("IJ") denied these applications after hearing testimony from Posadas Paguada and one of his sisters, and the BIA affirmed the IJ's decision on appeal. So Posadas Paguada was ordered removed to Honduras.

Posadas Paguada now petitions this Court for review of the denial of his applications for withholding of removal and CAT relief. He contends that the IJ erred in finding his sister's testimony not credible and that the evidence established persecution based on his membership in a particular social group. He also argues

2

that he is eligible for CAT relief because he has shown that the Honduran government would not protect him from persecution.

The government filed a motion to dismiss Posadas Paguada's petition for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C), which deprives courts of jurisdiction to review removal orders that are based on certain criminal offenses, including controlled-substance offenses. Posadas Paguada has not responded to the government's motion.

Before we can address Posadas Paguada's arguments on the merits, we first must ensure we have jurisdiction to do so. We review our subject-matter jurisdiction *de novo*. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010).

Our jurisdiction to review immigration removal orders is limited by statute. *See* 8 U.S.C. § 1252(a)(2). As relevant here, § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," including an offense "relating to a controlled substance" under § 1182(a)(2)(A)(i)(II). Notwithstanding this jurisdictional bar, we retain jurisdiction to review "constitutional claims or questions of law" raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D).

Here, § 1252(a)(2)(C)'s jurisdictional bar applies because Posadas Paguada conceded removability by reason of having committed a violation of a law relating

3

to a controlled substance under § 1182(a)(2)(A)(i)(II).    Specifically, Posadas Paguada conceded that he was removable by reason of a conviction for possession of cocaine, in violation of Fla. Stat. § 893.13(6)(a).  While "we retain jurisdiction to determine whether the statutory conditions for limiting judicial review exist," *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196 (11th Cir. 2008), Posadas Paguada does not dispute that he was convicted of an offense "relating to a controlled substance" under § 1182(a)(2)(A)(i)(II).

Nor does Posadas Paguada offer any other "constitutional claim or question of law" under § 1252(a)(2)(D).  That provision does not permit review of "the administrative fact findings of the IJ or the BIA as to the sufficiency of the alien's evidence and the likelihood that the alien will be [persecuted or] tortured if returned to the country in question."  *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009); *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 534 (11th Cir. 2013) (factual findings regarding the likelihood of future harm and challenges to "the weight and significance given to various pieces of evidence" are unreviewable under § 1252(a)(2)(D)).  Nor may we review a challenge to the factual grounds on which an adverse credibility determination was based.  *See Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1253 (11th Cir. 2014) (challenges to the "the agency's credibility determination and the relative weight accorded to the evidence" are not legal questions under § 1252(a)(2)(D)).  We retain jurisdiction to review whether an

undisputed fact pattern amounts as a matter of law to torture or persecution. *See Singh*, 561 F.3d at 1280.

Posadas Paguada's arguments are not of the sort that we have jurisdiction to review as constitutional claims or questions of law. Posadas Paguada challenges the agency's findings that his sister's testimony was not credible and that he did not face a clear probability of harm in Honduras, asserting that the agency failed either to consider certain evidence or to give it proper weight. Because these arguments relate to the weight and significance given to the evidence and the likelihood that Posadas Paguada will be persecuted or tortured if returned to Honduras, we lack jurisdiction over his petition for review. *See Fynn*, 752 F.3d at 1253; *Cole*, 712 F.3d at 534; *Singh*, 561 F.3d at 1280. Accordingly, we grant the government's motion and dismiss the petition for lack of jurisdiction.

**PETITION DISMISSED.**