[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12579
Non-Argument Calendar
_____

Agency No. A074-628-687


RONALD PELAEZ-CASTELLANOS,

                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 12, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Ronald Pelaez-Castellanos ("Pelaez") petitions for review of the Board of

Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ")

denial of his application for withholding of removal.[1]  Pelaez argues that the IJ

erred in making an adverse credibility finding against him because the IJ

considered evidence outside the record.  Pelaez also contends that the IJ violated

his due process rights by failing to consider a letter from the Assistant United

States Attorney ("AUSA") who prosecuted the criminal case giving rise to the

removal proceedings we now review.  After careful review, we dismiss his

petition.

## I.    BACKGROUND

Pelaez, a native and citizen of Guatemala, was granted asylum in the United

States in 1996 and later adjusted his status to that of a lawful permanent resident.

He was later convicted of using a communications facility to facilitate a drug

trafficking crime, in violation of 21 U.S.C. § 843(b).  On that basis, the

Department of Homeland Security served Pelaez with a notice to appear, alleging

that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been

convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(B).  He

then applied again for asylum, as well as withholding of removal based on his

membership in a particular social group.

---

[1] Pelaez also applied for, and was denied, asylum and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").  He has not expressly challenged the denial of asylum or CAT relief in his petition for review, however, so we do not address those issues here. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Represented by counsel, Pelaez admitted the factual allegations in his notice to appear. Later, at his merits hearing, he conceded that his § 843(b) conviction was an aggravated felony, which precluded him from obtaining asylum relief. The next question, therefore, was whether the conviction was for a "particularly serious crime," which would make Pelaez ineligible for withholding of removal. Pelaez contended that his conviction was not a particularly serious crime and he remained eligible for withholding. He asserted that his role in the offense was smaller than his codefendants' roles; he only facilitated the crime using a telephone, but he was not an actual trafficker. He testified that his codefendants deceived him into participating in the offense, and he was unaware that they were involved in anything illegal. The IJ cross-examined him regarding apparent discrepancies in his explanation of the offense.

Pelaez also testified regarding his claims of persecution in Guatemala. He said that men in military-style uniforms looking for his father repeatedly harassed and threatened him and his family until they were forced to flee to the United States just before the end of the Guatemalan civil war. He testified that, in 1998, while living in the United States, he received threatening messages through the social media platform MySpace. He also stated that he was afraid to return to Guatemala because he would be labeled as a "snitch" by gang members there who

3

were connected to his codefendants in his criminal case. AR at 198.[2] He said that he received a reduced sentence for assisting the investigation in his case. The IJ agreed that the record would remain open for a certain period to allow Pelaez to submit a declaration by the AUSA who prosecuted him.

After the hearing, the IJ denied Pelaez's applications for asylum and withholding of removal. The IJ found that Pelaez was not credible regarding his role in his criminal offense or regarding his persecution in Guatemala. The IJ found it "incredulous" that Pelaez was unaware of his codefendants' drug dealing activity, especially given that he provided useful information to the prosecution and received a lesser sentence in exchange. A.R. at 76-77. The IJ also found his testimony regarding his persecution in Guatemala "suspect" because he testified to numerous instances of past harm that he did not describe when he originally adjusted his status. A.R. at 77. The IJ also noted that Pelaez claimed to have received threatening messages on MySpace in 1998, but that website did not exist prior to 2003.

Because Pelaez was removable based on his conviction of an aggravated felony, the IJ found that he was ineligible for asylum. The IJ then denied Pelaez's withholding of removal application on two independent grounds. First, based on the adverse credibility finding, as well as the amount of drugs involved in Pelaez's

---

[2] Citations to A.R. refer to the administrative record.

offense, the IJ found that he had been convicted of a particularly serious crime, which barred him from withholding of removal. Second, the IJ found that Pelaez was ineligible for withholding because he failed to establish that it was more likely than not that he would suffer persecution on account of a protected ground. His claims that he would suffer persecution based on his family membership failed because there was no evidence that his father continued to be threatened, and, in any event, the underlying motive for the alleged threats to his father, his abandonment of a local militia, was not a protected ground. Pelaez also had not demonstrated that there was any continuing animosity toward his family for fleeing Guatemala's civil war. As to his claims that he would be harmed due to his status as a "snitch," the IJ found that "[i]ndividuals who provide information about crimes to the government are not recognized as belonging to a particular social group." A.R. at 80.

Pelaez appealed to the BIA, challenging the IJ's adverse credibility finding and failure to consider a letter from the AUSA, which showed that he had cooperated with the prosecution in his case.

The BIA dismissed Pelaez's appeal. The BIA noted that Pelaez did not challenge the IJ's findings that: (1) he was convicted of an aggravated felony drug trafficking crime, and (2) the aggravated felony was a particularly serious crime that rendered him ineligible for withholding of removal. The BIA concluded that

5

the IJ's adverse credibility determination was irrelevant to those findings and that he had not established any prejudice with regard to the IJ's failure to consider the AUSA's letter.

## II.    DISCUSSION

Before we may reach the merits of Pelaez's arguments, we must first determine the scope of our jurisdiction over the present petition.  We review our subject matter jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  Under the criminal alien bar, we lack jurisdiction to review any final order of removal against an alien who is removable by reason of having committed an aggravated felony.  8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii).

The term "aggravated felony" includes drug trafficking crimes defined in 18 U.S.C. § 924(c).  8 U.S.C. § 1101(a)(43)(B).  Under 18 U.S.C. § 924(c), a drug trafficking crime includes "any felony punishable under the Controlled Substances Act," and 21 U.S.C § 843(b) is part of the Controlled Substances Act.  18 U.S.C. § 924(c)(2); 21 U.S.C. § 843(b).

Pelaez was convicted of violating 21 U.S.C. § 843(b), which qualified as an aggravated felony.  *See* 18 U.S.C. § 924(c)(2); 8 U.S.C. § 1101(a)(43)(B).  Moreover, he conceded before the IJ that his conviction was an aggravated felony, and he has not challenged that classification in his petition for review.  The

criminal alien bar therefore applies. *See* 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii).

We retain jurisdiction, however, over colorable constitutional claims or questions of law raised in a petition for review. *See* 8 U.S.C. § 1252(a)(2)(D). Challenges to credibility determinations and the weight given to evidence do not raise legal questions or constitutional challenges sufficient to pass the jurisdictional bar. *See Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1253 (11th Cir. 2014). "A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Arias v. U.S. Atty. Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (internal quotation marks omitted).

Pelaez challenges the IJ's credibility determination, arguing that she relied on information not contained in the record when she: (1) cross-examined him regarding his criminal offense; (2) found that he received a lesser sentence in exchange for providing information to investigators; and (3) found that MySpace did not exist before 2003. He also argues that the IJ violated his due process rights when she failed to consider evidence from the AUSA that would have bolstered his argument that he feared returning to Guatemala because he had served as a government informant.

Because Pelaez's credibility arguments do not raise constitutional claims, they are insufficient to overcome the criminal alien bar, and we lack jurisdiction to consider them. *See* 8 U.S.C. §§ 1252(a)(2)(C); *Fynn*, 752 F.3d at 1253. In any event, the IJ relied on the credibility determination only to conclude that Pelaez was convicted of an aggravated felony; that determination had no bearing on the alternative reason for denying his application, which was that he failed to establish that he would suffer persecution on account of a protected ground. Likewise, assuming *arguendo* that his due process argument states a constitutional claim, it is irrelevant. The IJ concluded that government informants do not constitute a recognizable social group for the purposes of withholding of removal, so additional evidence showing that he acted as a government informant would be unavailing. Thus, to the extent that we have jurisdiction to consider any of Pelaez's arguments, he has abandoned any challenge to the dispositive bases for denying his application for relief. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

## III.    CONCLUSION

Because Pelaez has failed to raise any argument that we have jurisdiction to consider or that addresses the dispositive issues involved in his case, we dismiss his petition for review.

**PETITION DISMISSED.**

8