[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11247
Non-Argument Calendar
_____

Agency No. A205-005-849

FRANCISCO EZEQUIEL GUERRERO-CRUZ,
a.k.a. FRANCESCO EZEQUIEL CRUZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 10, 2020)

Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.


PER CURIAM:


Francisco Guerrero-Cruz ("Petitioner"), a native and citizen of Mexico, petitions for review of the order by Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied Petitioner's application for cancellation of removal. No reversible error has been shown; we dismiss the petition for lack of jurisdiction.

In July 2011, the Department of Homeland Security served Petitioner with a Notice to Appear. The notice charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without having been admitted or paroled.

Petitioner, through his lawyer, conceded removability. Petitioner later applied for cancellation of removal, pursuant to 8 U.S.C. § 1229b(b). In his application, Petitioner listed his two minor children (each of whom is a United States citizen) as qualifying relatives who would suffer hardship if Petitioner were removed.

2

Following a hearing, the IJ denied Petitioner's application for cancellation of removal. In pertinent part, the IJ determined that Petitioner had failed to demonstrate that his removal would result in "exceptional and extremely unusual hardship" to Petitioner's children.[1] The IJ found that -- although Petitioner's children would experience some hardship by moving to Mexico -- such hardship would be limited to the "type of hardship that normally results from an alien's deportation." The BIA affirmed the IJ's decision.[2]

We review de novo our subject matter jurisdiction. See Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006).

The Attorney General has discretion to cancel the removal of an alien who shows, among other things, that "removal would result in exceptional and extremely unusual hardship to the alien's . . . child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D).

---

[1] The IJ also determined that Petitioner had failed to show that he had resided continuously in the United States for at least ten years, as required by 8 U.S.C. § 1229b(b)(1)(A). Because the BIA declined expressly to address the continuous-physical-presence issue, that issue is not before us in this appeal. See Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016) ("We do not consider issues that were not reached by the BIA.").

[2] In addition to affirming the IJ's decision on the merits, the BIA rejected Petitioner's arguments (1) that a remand was necessary so that Petitioner could pursue a "U" visa, and (2) that Petitioner was deprived of due process based on the IJ's denial of a continuance, his lawyer's deficient performance, and missing transcripts from two master calendar hearings. Because Petitioner raises no challenge to the BIA's ruling on these issues on appeal, those claims are not before us.

Congress has precluded judicial review of "any judgment regarding the granting of relief under section . . . 1229b" -- including cancellation of removal -- "except to the extent that such review involves constitutional claims or questions of law." See 8 U.S.C. § 1252(a)(2)(B), (D); Patel v. U.S. Att'y Gen., 971 F.3d 1258, 1262 (11th Cir. 2020) (en banc). To invoke our jurisdiction under section 1252(a)(2)(D), a petitioner must allege a colorable constitutional or legal challenge. Patel, 971 F.3d at 1275.

Because Petitioner seeks to challenge the BIA's discretionary denial of cancellation of removal, we may review his petition only to the extent Petitioner raises a constitutional claim or question of law.

On appeal, Petitioner argues that the IJ and the BIA failed to consider properly whether his children would suffer "exceptional and extremely unusual hardship." In deciding whether the hardship standard has been met, the IJ and the BIA consider "in the aggregate" the pertinent circumstances of the qualifying relative. In re Monreal-Aguinaga, 23 I. & N. Dec. 56, 64 (BIA 2001). Factors that might be considered include (1) the qualifying relative's age, health, and educational needs; (2) whether the qualifying relative would experience "[a] lower standard of living or adverse country conditions in the country of return"; and (3)

4

whether the qualifying relative would lose a family support system.  See id. at 63;

In re Gonzalez Recinas, 23 I. & N. Dec. 467, 470-71 (BIA 2002).

Petitioner contends that he demonstrated sufficient hardship based on his

children's ages, limited Spanish proficiency, their mother's health concerns, and

the decreased standard of living they would experience if moved to Mexico.

Petitioner says the IJ and the BIA considered in isolation each of these hardship

factors but never discussed or "dedicate[d] any analysis" to the impact of these

factors "in the aggregate."  When considered together, Petitioner says the total

weight of these factors would "crush" his children.

Petitioner characterizes his argument as raising a question of law: that the IJ

and the BIA applied an incorrect legal standard.  We disagree.  Although Petitioner

couches his argument as a legal question, Petitioner in effect challenges the weight

given to the pertinent hardship factors and the adequacy of the IJ's and BIA's

explanations.  We have stressed that a petitioner may not create jurisdiction merely

by "dress[ing] up a claim with legal or constitutional clothing."  See Patel, 971

F.3d at 1272; see also Fynn v. U.S. Att'y Gen., 752 F.3d 1250, 1252-53 (11th Cir.

2014) (rejecting a petitioner's attempt to characterize his claim as a legal question:

challenges to the "relative weight accorded to the evidence . . . is a 'garden-variety

abuse of discretion argument' that is insufficient to state a legal claim over which we have jurisdiction under § 1252(a)(2)(D).").

Because Petitioner has raised no legal or constitutional challenge to the BIA's denial of cancellation of removal, we lack jurisdiction to review the petition.

PETITION DISMISSED.