[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10875
Non-Argument Calendar
_____

Agency No. A028-550-927

JOSE FRANCISCO LORENZO,
a.k.a. Domingo Francisco Mateo,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 16, 2021)

Before MARTIN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Petitioner Jose Francisco Lorenzo petitions for review of the Board of

Immigration Appeals' ("BIA") order denying his second motion to reconsider,

which argued that the BIA erred in denying his motion to reopen and terminate removal. Ten years after entering the United States without admission, the Department of Homeland Security issued him a notice to appear ("NTA"), alleging he was subject to removability under 8 U.S.C. §§ 1182(a)(6)(A)(i), (7)(A)(i)(I). The NTA did not identify the time or date of the removal proceedings.

Lorenzo now argues that the agency lacked jurisdiction over his removal proceedings under the reasoning of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because his NTA failed to set forth the time and place of his removal hearing. The BIA rejected his petition as number barred, as well as in conflict with Eleventh Circuit precedent. Because we agree with the BIA that Lorenzo's jurisdictional challenge is foreclosed by our precedent, we deny his petition.

## I.    BACKGROUND

Lorenzo, a citizen of Guatemala, originally entered the United States in 2001. DHS initiated removal proceedings against Lorenzo in 2011. His initial NTA included the location of his removal hearing, but not the time and date. A subsequent notice set the date and time of the hearing. He appeared both at that hearing and at a later hearing where, represented by counsel, he admitted he had entered the United States without permission.

After this admission, Lorenzo filed an application for cancellation of removal. Lorenzo and his wife, who is also from Guatemala, have four children

2

who are United States citizens.  Lorenzo provides income for the family, and his wife takes care of their children.  In his removal hearing, he argued that his deportation would cause undue hardship to his U.S. citizen children.  After the hearing, the immigration judge ("IJ") determined that Lorenzo was not eligible for cancellation of removal because he had not shown that his children would suffer exceptional hardship if he was removed to Guatemala.  The BIA affirmed this decision, and Lorenzo did not file a petition seeking review of the BIA decision.

Lorenzo then moved to reopen his removal proceedings to provide additional evidence of the hardship his deportation would pose to his children. Lorenzo's six-year-old son has Ventricular Septal Defect ("VSD").  VSD is a congenital heart disease that requires frequent monitoring and could eventually require open heart surgery.  In his motion to reopen, Lorenzo argued that moving his son to Guatemala would be an exceptional hardship because he could not get the treatment he needed in Guatemala.  The BIA again denied his motion, stating that although Lorenzo had presented new evidence of hardship, he still had not met the burden required to terminate removal proceedings.  Again, Lorenzo did not file a petition seeking review of this decision.

Following this denial, Lorenzo again moved to reopen.  This time he argued his removal proceedings should be terminated because the immigration court lacked jurisdiction over his removal proceedings in light of the Supreme Court's

decision in *Pereira*, 138 S. Ct. at 2105. Lorenzo maintained that his original NTA was defective because it did not include the date and time of his hearing. The BIA denied this motion, noting that it had recently held in *Matter of Bermudez-Cota* that an NTA that does not specify the time and place of the hearing still vests an immigration court with jurisdiction as long as a second notice including that information is sent. 27 I&N Dec. 441, 447 (BIA 2018). Because Lorenzo received a second notice that included the time and date of his hearing, the BIA held, his NTA was not defective and the immigration court had jurisdiction over his removal proceedings.

Lorenzo filed a motion to reconsider this decision, arguing that this Court had chosen not to follow *Matter of Bermudez-Corta* in *Duran-Ortega v. United States Attorney General*, No. 18-14563, 2018 U.S. App. LEXIS 33531 (11th Cir. Nov. 29, 2018). According to Lorenzo, this meant that *Bermudez-Corta* did not apply in the Eleventh Circuit, and therefore the original NTA was defective under *Pereira*. The BIA disagreed; *Duran-Ortega*, it noted, was an unpublished decision, meaning that it was not binding authority on the Board. It also pointed to another Eleventh Circuit decision—*Molina-Guillen v. United States Attorney General*, 758 F. App'x 893, 898 (11th Cir. 2019)—where we held that a deficient notice to appear followed by a notice of hearing with the necessary information together fulfilled the notice requirement.

4

In response, Lorenzo filed a second motion to reconsider.[1]  In that motion, he argued that the BIA erred in granting weight to *Molina-Guillen* and discounting *Duran-Ortega* because both were unpublished decisions.  Moreover, since those two decisions allegedly conflicted, Lorenzo maintained that the BIA was left only with *Pereira*, which indicated the defective NTA meant the immigration court did not have jurisdiction.  The BIA denied Lorenzo's motion as both number-barred and in conflict with our precedent in *Perez-Sanchez v. United States Attorney General*, 935 F.3d 1148 (11th Cir. 2019).

Lorenzo now appeals the dismissal of his second motion to reconsider.

## II.    STANDARD OF REVIEW

We review the BIA's denial of a motion to reconsider for abuse of discretion.  *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003).  However, we review *de novo* our own subject matter jurisdiction.  *Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1252 (11th Cir. 2014).  We also review the BIA's legal determinations and interpretations of law or statutes *de novo*.  *See Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006).

---

[1] Lorenzo titled his second motion to reconsider an "Amended Motion to Reconsider." The motion responded directly to the BIA's decision on his first motion to reconsider and did not supersede his previous motion.  Moreover, the Immigration and Nationality Act does not explicitly provide for amendments to motions in removal proceedings.  *See generally* 8 U.S.C. § 1229a (outlining the procedures for removal proceedings).  As such, we consider it a second, rather than an amended, motion.

## III.    DISCUSSION

On appeal, Lorenzo argues that the BIA abused its discretion in denying his second motion to reconsider in light of *Pereira* and that the BIA was bound by *Pereira* to terminate the proceedings because his original NTA was defective.[2]  To support this argument, he contends that our Court's only cases on this issue are unpublished and conflicting, and therefore the Board erred in denying his petition. This is incorrect.  As the BIA noted in its denial of Lorenzo's petition, our precedent in *Perez-Sanchez* rejects Lorenzo's *Pereira* jurisdictional argument.  To explain, we first discuss the *Pereira* decision and the relevant portions of the Immigration and Nationality Act ("INA") and accompanying regulations.  We then conclude by examining how *Perez-Sanchez* forecloses Lorenzo's petition.

The INA provides that an immigration judge shall conduct proceedings to determine whether a noncitizen is removable from the United States. 8 U.S.C. § 1229a(a)(1).  The statute does not explicitly state the conditions upon which jurisdiction vests with an immigration judge, but regulations provide that

---

[2] Along with holding that Lorenzo's *Pereira* argument lacked merit, the BIA concluded that his motion was numerically barred.  The government argues that Lorenzo's failure to address whether the BIA erred in considering his motion numerically barred amounts to waiver of a dispositive issue and we need not analyze the *Pereira* question.  We disagree.  Lorenzo's *Pereira* argument is a challenge to our subject matter jurisdiction because our jurisdiction depends upon the BIA's jurisdiction.  8 U.S.C. § 1252.  As we have a duty to ensure our subject matter jurisdiction, we must address the *Pereira* issue.  *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th Cir. 2019).  And because Lorenzo's *Pereira* jurisdictional argument is also the underlying merits claim, we decide the case on the *Pereira* argument alone, without ruling on the numerical bar or waiver issue.

"[j]urisdiction vests . . . when a charging document is filed with the Immigration Court."  8 C.F.R. § 1003.14(a).  A notice to appear is a type of charging document. *Id.* § 1003.13.  By statute, an NTA must specify, among other things, the time and place at which a removal hearing will be held.  8 U.S.C. § 1229(a)(1)(G)(i).  But under the regulatory framework, a notice to appear is not required to specify the time or place of the removal hearing.  *See* 8 C.F.R. § 1003.15(b), (c).[3]

In *Pereira*, the Supreme Court addressed when a noncitizen was eligible for cancellation of removal, a type of discretionary relief available to nonpermanent residents who have accrued 10 years of continuous physical presence in the United States.  138 S. Ct. at 2109.  The Court considered whether the INA's stop-time rule, which specifies that a noncitizen's period of physical presence is deemed to end when he is served with an NTA, applied when the notice to appear that the noncitizen received failed to specify the time and place of the removal hearing.  *Id.* at 2109–10.  The Supreme Court reasoned that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule."  *Id.* at 2113–14 (quoting 8 U.S.C. § 1229b(d)(1)).

---

[3] The regulations specify that an NTA shall include time and place information for the removal hearing "where practicable."  8 C.F.R. § 1003.18(b).  When an NTA omits this information, the regulations permit an immigration judge to later provide the information to the noncitizen. *Id.*

Although the Supreme Court in *Pereira* stated that it was deciding only a "narrow question" about an eligibility requirement for cancellation of removal, it acknowledged that the flaw present in the case—the failure to specify the time or place of the removal hearing—was present in nearly every NTA that had been issued in recent years.  *Id.* at 2110–11.  After *Pereira*, some noncitizens, like Lorenzo, asserted that their removal proceedings were void because their proceedings were purportedly commenced by a "putative notice to appear" that was "not a notice to appear under section 1229(a)."  *Id.* at 2113–14 (internal quotation marks omitted).

We have considered whether an NTA that failed to state the time and date of a noncitizen's hearing deprived the agency of jurisdiction over the removal proceedings.  *See Perez-Sanchez*, 935 F.3d at 1150.  We determined that such an NTA was "unquestionably deficient" under § 1229(a).  *Id.* at 1153.  And we reasoned that *Pereira* foreclosed any argument that this statutory defect in the NTA could be cured by a subsequent notice that informed the noncitizen of the time and date of the removal hearing.  *Id.* at 1153–54.

We nonetheless held in *Perez-Sanchez* that a defective NTA did not deprive the agency of jurisdiction over the removal proceedings because the statutory "time-and-place requirement" did not "create a jurisdictional rule," but instead set forth a "claim-processing rule."  *Id.* at 1154–55.  We also considered whether the

8

immigration judge lacked jurisdiction under 8 C.F.R. § 1003.14. *Id.* at 1154. We questioned whether the regulation, which purported to set forth when immigration proceedings commenced, should be given effect, because it was contrary to the unambiguous language in the statute. *Id.* But even assuming the statute was ambiguous and the regulation should be given effect, we determined that the outcome remained the same because the regulation "set[] forth only a claim-processing rule." *Id.* at 1155–57. Even though the regulation expressly referred to the vesting of jurisdiction in the agency, we held that it was not a jurisdictional rule because agencies cannot set or limit their own jurisdiction. *Id.* at 1155. Because neither 8 U.S.C. § 1229(a) nor 8 C.F.R. § 1003.14 spoke to jurisdiction, we concluded that "the IJ and the BIA properly exercised jurisdiction over [the petitioner's] removal hearing" based on the authority conferred under the INA, even though the petitioner received a defective NTA, and denied the petition as to the *Pereira* claim. *Id.* at 1157.

Our decision in *Perez-Sanchez* forecloses Lorenzo's argument that the agency lacked jurisdiction over his removal proceedings. Because the requirement that an NTA include time and place information is a claim-processing, rather than jurisdictional, rule, the BIA did not err when it denied his second motion for reconsideration.

9

## IV.    CONCLUSION

For the foregoing reasons, we deny Lorenzo's petition.

**PETITION DENIED.**