[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10156

Non-Argument Calendar

_____

EDY ARMANDO SANTIZO CASTANEDA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-011-182

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Edy Armando Santizo Castaneda seeks review of the Board of Immigration Appeals' order affirming the denial of his application for cancellation of removal by an Immigration Judge IJ. He asserts that the BIA erred by ignoring evidence that his son, who had been diagnosed with post-traumatic stress disorder, would suffer exceptional and extremely unusual hardship if he was removed and by characterizing the hardships resulting from his removal as no greater than with any family separation.

We review only the BIA's decision, except to the extent that the BIA expressly adopted or explicitly agreed with the opinion of the IJ. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). Our review as to subject matter jurisdiction is *de novo*. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007).

Cancellation of removal has four requirements, including "exceptional and extremely unusual hardship" to alien's U.S. citizen or lawful permanent resident spouse, parent, or child. 8 U.S.C. § 1229b(b). The Immigration & Nationality Act provides that an order of removal is not judicially reviewable where that order is against an alien who has applied for cancellation of removal under 8 U.S.C. § 1229b(b). 8 U.S.C. § 1252(a)(2)(B)(i). Notwithstanding this prohibition, we retain jurisdiction to review colorable constitutional claims or questions of law, including mixed questions of

law and fact, raised upon a petition for review.    8 U.S.C. § 1252(a)(2)(D); see Patel v. U.S. Att'y Gen., 971 F.3d 1258, 1275–76 (11th Cir. 2020) (en banc) (noting that mixed questions regarding the denial of discretionary relief are reviewable), cert. granted, 141 S. Ct. 2850 (2021).  An argument couched as a legal question that essentially challenges the agency's weighing of evidence is a "garden-variety abuse of discretion argument" that does not state a legal or constitutional claim.  Fynn v. U.S. Att'y Gen., 752 F.3d 1250, 1253 (11th Cir. 2014) (quotation marks omitted); Mutua v. U.S. Att'y Gen., No. 20-13129, manuscript op. at 8 (11th Cir. Jan. 5, 2022).

Here, we lack jurisdiction to review Santizo's purely factual challenge to the BIA's weighing of the evidence as to the "exceptional and extremely unusual hardship" requirement for cancellation of removal.  Santizo attempts to couch his claims as legal ones but actually challenges the BIA's exercise of discretion in which it determined that he failed to show that his removal would not result in "exceptional and extremely unusual hardship" to his son.  In particular, Santizo asserts that the BIA "ignore[d] evidence that [his] son had been diagnosed with PTSD."  Br. of Petitioner at 7–8.  Although the BIA did not explicitly mention his son's PTSD, nothing in the record indicates that the BIA completely ignored or was unaware of his medical concerns.  The BIA did not state that Santizo had not presented any evidence of hardship, and it discussed and cited the IJ's decision, which explicitly addressed Santizo's son's PTSD.  Thus, Santizo's argument that the BIA did not

consider evidence of his son's PTSD is essentially an argument that the BIA accorded too much weight to the evidence that his sons would remain with their mother in the United States and too little weight to evidence of his son's PTSD in determining whether he would suffer "exceptional and unusual hardship." Santizo's challenge to the BIA's weighing of the evidence or factor-balancing was a purely factual one that this Court lacks jurisdiction to review. *Patel*, 971 F.3d at 1279. Accordingly, we dismiss the petition.

**PETITION DISMISSED.**