[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13993

Non-Argument Calendar

_____

JUNIOR KHEDIVE PASCAL,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A213-649-003

_____

_____

No. 21-12256

Non-Argument Calendar

_____

JUNIOR KHEDIVE PASCAL,

                                                              Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A213-649-003

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Junior Pascal seeks review of (1) the Board of Immigration Appeals' order denying his motion to remand and dismissing his

appeal of an immigration judge's order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture, and (2) the BIA's order denying his motion to reopen removal proceedings. Because Pascal fails to raise issues related to the immigration judge's denial of asylum or CAT relief, he has abandoned those issues on appeal. And because he is subject to 8 U.S.C. § 1252(a)(2)(C)'s criminal jurisdiction bar, we lack jurisdiction to review Pascal's challenges to the BIA's denial of his motion to reopen. Accordingly, we deny Pascal's petition in part and dismiss in part.

## I.

Junior Pascal was originally admitted to the United States as a nonimmigrant visitor from Haiti in 2000, with authorization to remain for six months. He did not depart as required. In 2006, he was arrested and charged with robbery using a firearm in violation of Fla. Stat. § 812.13(2)(a); unlawful possession of cannabis in violation of Fla. Stat. § 893.13(6)(b); and driving without a valid license in violation of Fla. Stat. § 322.03(1). He was eventually convicted and sentenced to ten years in prison for the robbery conviction and sixty days for the cannabis conviction, minus credit for time served. In 2015, he was convicted of burglary of an occupied dwelling in violation of Fla. Stat. §§ 777.011, 810.02(3)(A). He was sentenced to ten additional years in prison, though this sentence was reduced to eight years of probation and two years of community control.

In 2019, the Department of Homeland Security served Pascal with an I-261, charging that he was removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a time longer than permitted. The I-261 also charged Pascal as removable under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii) for being convicted of two crimes involving moral turpitude, and under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an aggravated felony relating to a crime of violence for which the term of imprisonment was at least one year.

Pascal, represented by counsel, appeared at a master calendar hearing, and conceded that he was removable as charged with regard to his status as a nonimmigrant who remained longer than permitted. The immigration judge marked his previous convictions into evidence without objection from Pascal's attorney. Then, the immigration judge sustained the charges of removability against Pascal based on his two crimes involving moral turpitude (robbery and burglary) and his aggravated felony conviction (robbery).

Pascal applied for asylum, withholding of removal, and CAT relief asserting persecution on account of political opinion. At the merits hearing, Pascal testified that he came to the United States in 2002 and had not returned to Haiti. He testified that he was married with one son who was five years old at the time. He further testified that his life would be in danger if he returned to Haiti.

The immigration judge issued an oral decision concluding that, due to his criminal history, Pascal was ineligible for asylum relief and withholding of removal. He then denied Pascal's claim for CAT relief on the grounds that his fears of persecution were speculative. Pascal appealed to the BIA, stating that the immigration judge erred as a matter of law when he (1) sustained the charges of removability against Pascal, because DHS failed to establish that he was removable as charged, (2) denied Pascal's request for a continuance because he sought to apply for adjustment of status based on his marriage to a United States citizen, and (3) denied Pascal's application for relief under CAT.

Before the BIA ruled on Pascal's appeal, Pascal filed a motion to remand proceedings. In the motion, Pascal explained that he had married Ebony Hughes, a United States citizen, several months before the immigration judge's ruling, and that shortly after their wedding, she had filed an I-130 petition seeking a visa on his behalf. He argued that, although United States Citizenship and Immigration Services had not yet adjudicated the I-130, it entitled him to reopen his deportation proceedings. He argued that he was *prima facie* eligible for adjustment of status as the beneficiary of a visa petition filed by a United States citizen, and that, though his criminal history rendered him inadmissible by statute, he was *prima facie* eligible to seek a waiver of inadmissibility in conjunction with his application for adjustment status under INA § 212(h)(1)(B), 8 U.S.C. § 1182(h).

The BIA dismissed Pascal's appeal. It held that because Pascal was convicted of an aggravated felony for which he was sentenced to ten years in prison—robbery with a deadly weapon—and another crime involving moral turpitude—burglary—he was statutorily ineligible for asylum and withholding of removal. The BIA held that because Pascal did not challenge the immigration judge's finding that he did not establish a probability of torture by the Haitian government on appeal, he waived any challenge to the adverse CAT finding.

The BIA also denied Pascal's motion to remand. The BIA determined that because Hughes's visa petition had not yet been approved, Pascal was not eligible to adjust his status on that basis. The BIA therefore held that Pascal was not eligible to adjust his status and could not obtain relief from removal through a standalone waiver of inadmissibility. Pascal filed a petition for review of the BIA's decision with this Court.

While that appeal was pending before us, Pascal filed a motion with the BIA to reopen and remand his removal proceedings to the immigration court. In that motion, Pascal explained that USCIS had approved Hughes's I-130 petition. He argued that despite his criminal history, he had presented evidence—including his son's medical condition and the emotional hardship to his wife—establishing his *prima facie* eligibility for adjustment of status and *prima facie* eligibility to seek a waiver of inadmissibility in conjunction with his application for relief.

The BIA denied Pascal's motion to reopen and explained that he had not established *prima facie* eligibility for relief. It held that Pascal did not establish that his removal from the United States would result in exceptional and extremely unusual hardship to himself or a qualifying family member. It also held that Pascal did not meet his burden of establishing that his case warranted discretionary relief. It explained that, although some equities weighed in his favor, the seriousness, dangerousness, and recency of his criminal convictions prevented it from exercising discretion to grant his motion to reopen. Pascal timely filed a petition for review of the BIA's decision with this Court.

## II.

Ordinarily, we review the BIA's denial of a motion to reopen for abuse of discretion. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). But because Pascal's petitions are subject to the criminal jurisdiction bar, 8 U.S.C. § 1252(a)(2)(C), we may only review the BIA's decisions for legal or constitutional error. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009) ("The REAL ID Act divests us of jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in § 1227(a)(2)(A)(iii), unless the alien raises constitutional claims or questions of law.") (citing 8 U.S.C. §§ 1252(a)(2)(C), (D)). *See also Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003) (holding that the criminal jurisdiction bar applies to motions to reopen).

To invoke our jurisdiction, a petitioner must instead allege a colorable legal or constitutional claim. 8 U.S.C. § 1252(a)(2)(D). Colorable legal and constitutional claims are reviewed *de novo*. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020); *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007). "A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Arias*, 482 F.3d at 1284.

We are obligated to review the existence of subject matter jurisdiction *sua sponte* where it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). Such review is conducted *de novo*. *Gaksakuman v. U.S. Att'y Gen.*, 767 F.3d 1164, 1168 (11th Cir. 2014). We lack jurisdiction to consider a claim raised in a petition for review that was not raised before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). When an appellant fails to offer an argument on an issue in their brief, that issue is abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n. 2 (11th Cir. 2005).

## III.

As an initial matter, Pascal's appellate brief fails to address the BIA's decision denying his motion to remand and dismissing his appeal of the immigration judge's denial of asylum relief, withholding of removal, and CAT relief, so he has abandoned those issues on appeal. *Sepulveda*, 401 F.3d at 1228 n. 2. Pascal previously waived his ability to challenge the denial of CAT relief when he

20-13993/21-12256     Opinion of the Court                    9

failed to adequately raise that issue with the BIA. *Amaya-Artunduaga*, 463 F.3d at 1250. Because Pascal has abandoned or waived the issues contained in Petition No. 20-13993, we deny that petition for review.

Pascal makes two arguments on appeal. First, he argues that the BIA abused its discretion when it denied his motion to reopen because he showed a reasonable likelihood of success on the merits—specifically, that he met the statutory criteria for an adjustment of status under 8 U.S.C. § 1255(a) and for a waiver of inadmissibility under 8 U.S.C. § 1182(h). Second, he argues that the BIA abused its discretion in denying his motion to reopen "as a matter of discretion" because it failed to meaningfully address the positive equities present in his case. For the reasons given below, we reject both arguments and dismiss Petition No. 21-12256.

First, Pascal's argument that the BIA abused its discretion in denying his motion to reopen because he showed a reasonable likelihood of success on the merits is beyond the scope of our review. It is well-established that an "[a]rgument that the IJ or BIA abused its discretion by improperly weighing evidence is a 'garden-variety abuse of discretion argument' that is insufficient to state a legal or constitutional claim." *Fynn v. U.S. Att'y Gen.* 752 F.3d 1250, 1252 (11th Cir. 2014) (quoting *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196-97 (11th Cir. 2008)). Pascal's argument that the BIA should have granted his motion to reopen because he showed a reasonable likelihood of success on the merits is essentially a challenge to the BIA's weighing of the evidence—a "garden variety"

abuse of discretion argument. Under the criminal jurisdiction bar, we lack jurisdiction to review this claim.

Similarly, whether the BIA abused its discretion by denying Pascal's motion to reopen "as a matter of discretion" by failing to "meaningfully address the positive equites" is a question beyond the scope of our review. Again, due to the criminal jurisdiction bar, Pascal is limited to bringing colorable legal or constitutional challenges to the BIA's order. In challenging the BIA's weighing of the equities, Pascal plainly makes a garden variety abuse of discretion argument that is outside the scope of our review. Furthermore, any such argument clearly fails as the BIA gave reasoned consideration to the evidence Pascal submitted in support of his motion to reopen. The BIA explained its decision with sufficiency. It considered Pascal's son's medical conditions and his wife's emotional hardship, but held that those factors did not rise above the seriousness, dangerousness, and recency of Pascal's criminal convictions.

Because Pascal fails to present a colorable legal or constitutional challenge to the BIA's exercise of its discretion in denying his motion to reopen, we lack jurisdiction to review the BIA's analysis and dismiss his petition.

## IV.

PETITION DENIED IN PART AND DISMISSED IN PART.