[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11239

Non-Argument Calendar

_____

HAL MERVIN RUST,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A058-869-804

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Hal Rust petitions for review of the Board of Immigration Appeals' (BIA) affirmance of the immigration judge's (IJ) denial of his application for a good-faith-marriage waiver of the requirement to file a joint petition to remove conditions on his lawful permanent residence. Rust argues that the IJ and BIA weighed the evidence incorrectly and failed to consider the evidence that he provided in support of his argument that the marriage was entered into in good faith.

I

We have an obligation to inquire into our own jurisdiction *sua sponte* and review jurisdictional questions *de novo. Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018).

We lack jurisdiction to review "any judgment regarding" certain forms of discretionary relief. *See* Immigration and Nationality Act (INA) § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii). We retain jurisdiction to review constitutional or legal claims. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). The scope of that jurisdiction extends only to colorable questions of law and constitutional claims. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (per curiam); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1275 (11th Cir. 2020) (en banc) (clarifying that a legal claim must also be colorable), *aff'd sub nom., Patel v. Garland*, 142 S. Ct. 1614 (2022).

22-11239                Opinion of the Court                3

We have held that petitioners may not mask "a garden-variety abuse-of-discretion argument—which can be made by virtually *every* alien subject to a final removal order"—as a constitutional or legal claim in order to invoke our jurisdiction. *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196–97 (11th Cir. 2008). We have called claims that the IJ improperly weighed the evidence "garden-variety abuse of discretion argument[s] that [are] insufficient to state a legal or constitutional claim." *Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1252 (11th Cir. 2014) (per curiam) (quotation marks omitted). But whether the agency failed to give reasoned consideration to an issue is a question of law. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). The agency does not need to specifically address each claim made or each piece of evidence presented, but it must consider all the evidence submitted. *Id.* at 803.

A non-citizen who marries a United States citizen will obtain conditional residency status. INA § 216(a)(1), 8 U.S.C. § 1186a(a)(1). The non-citizen can have the conditions removed upon filing a joint petition with his citizen spouse 90 days before their second anniversary. INA § 216(c)(1)(A), (d)(2)(A), 8 U.S.C. § 1186a(c)(1)(A), (d)(2)(A).

Section 1186a(c)(4) provides that the Secretary of Homeland Security, "*in the Secretary's discretion*, may remove the conditional basis of the permanent resident status for an alien" who demonstrates that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated." INA § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B)

(emphasis added). The statute further provides that "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Secretary of Homeland Security." INA § 216(c)(4), 8 U.S.C. § 1186a(c)(4).

In *Fynn v. U.S. Attorney General*, we held that we lacked jurisdiction to review evidence-weighing challenges to a denial of a good-faith-marriage waiver to the joint-filing requirement under the jurisdictional bar to discretionary determinations in INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii), based on the plain language of INA § 216(c)(4), 8 U.S.C. § 1186a(c)(4). 752 F.3d at 1252–53. We also determined that we lacked jurisdiction to consider that petitioner's argument that the IJ failed to consider certain probative testimony because he was essentially challenging the agency's credibility determination and weighing of the evidence. *Id.* at 1253.

Rust frames his brief as a challenge to the agency's decision because it was not based on "substantial evidence." But "[a] reasoned-consideration examination does not look to whether the agency's decision is supported by substantial evidence." *Jeune*, 810 F.3d at 803. Instead, a reasoned-consideration inquiry is a question of law that we retain jurisdiction to examine under § 1252. *Id.* at 799. So, to the extent that Rust challenges the agency's discretionary decision to deny his waiver on the ground that it was unsupported by "substantial evidence," this is the type of evidence-weighing challenge that we lack jurisdiction to review under *Fynn*. 752 F.3d at 1252–53.

To the extent that Rust now seeks to present a reasoned-examination challenge, he faces two barriers.   First, we think it likely that he has abandoned any argument to that effect.   A party abandons an argument when he only makes "passing references" to the issue.   *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010).   Rust's brief cites *Seck v. U.S. Attorney General*, 663 F.3d 1356, 1368 (11th Cir. 2011), for the proposition that the "BIA is required to consider all the evidence submitted by the applicant." Brief of Pet. at 10.   The citation is buried in a broader argument that the IJ and BIA failed to properly consider Rust's brother's testimony about Rust's bona fide marriage.

Even if Rust preserved the argument, it fails on the merits. The IJ summarized Rust's brother's testimony in a paragraph in its opinion.   The IJ was not required to expressly address the testimony in its analysis.   *Jeune*, 810 F.3d at 803 ("[W]hile the agency is required to consider all evidence that a petitioner has submitted, it need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented." (quotation marks omitted)).

## II

We lack jurisdiction to review Rust's substantial-evidence arguments, which challenge the agency's discretionary decision to deny his waiver and raise no colorable legal or constitutional issues. His brief forfeits any reasoned-examination challenge; and even if he raised one it would fail.   Rust only challenges the IJ's weighing

6                       Opinion of the Court                   22-11239

of the evidence and fails to show that the IJ ignored evidence in the record.

**PETITION DISMISSED.**