[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10004

Non-Argument Calendar

_____

NUR A ALAM SIDDIQUE,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A203-183-190

_____

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

GRANT, Circuit Judge:

Nur A. Alam Siddique seeks review of the Board of Immigration Appeals order denying his motion to reconsider its order affirming the denial of his petition to remove conditions on his lawful permanent residence.  On appeal, Siddique argues that the immigration judge and the Board violated his due process rights in several respects and committed a legal error by admitting documents proffered by the government at his removal hearing.  Because none of Siddique's legal or constitutional claims are colorable, we dismiss the petition for lack of jurisdiction.

## I.

Siddique, a native and citizen of Bangladesh, was admitted into the United States as a lawful permanent resident on a conditional basis related to his marriage to a United States citizen, Tamarah Vergel.  About two years after his admission, Siddique filed a joint petition with Vergel for removal of the conditions on his residency pursuant to 8 U.S.C. § 1186a(c)(1).  That petition fell through when Vergel did not appear for the required joint interview with the United States Citizenship and Immigration Services (USCIS).  Following Vergel's no-show at the joint interview, USCIS terminated Siddique's status as a conditional permanent resident in September 2015.  *See* 8 U.S.C. § 1186a(b)(1)(A)(i) (requiring termination of permanent resident status if the Secretary of Homeland Security determines within

two years of admission that the qualifying marriage was entered into "for the purpose of procuring an alien's admission as an immigrant"). The next month, Siddique and Vergel divorced.

After the divorce, Siddique filed another petition for removal of the conditions on his residency, this time filing individually and seeking a waiver of the requirement for a joint petition on the ground that he entered into his marriage with Vergel in good faith, though the marriage was later terminated. *See* 8 U.S.C. § 1186a(c)(4). During an interview with USCIS agents on his second petition, Siddique refused to provide a sworn statement about his marriage with Vergel. USCIS denied his individual petition for removal of the conditions on his residency and initiated proceedings to remove him from the United States.

USCIS charged that Siddique was removable as a noncitizen whose conditional resident status had been terminated because he was not engaged in a bona fide marriage with a United States citizen. Siddique responded by admitting that he was a native and citizen of Bangladesh admitted to the United States on a conditional basis but denying that his marriage to Vergel was not bona fide. At the master calendar hearing before an immigration judge, Siddique also admitted that his conditional resident status had been terminated, thereby conceding removability. He requested review by the immigration judge of USCIS's decision on his individual petition for a good-faith marriage waiver and removal of the conditions on his residency. In support, he submitted financial records and statements from Vergel, members

of her family, and friends of Vergel and Siddique stating that their marriage was bona fide.

In rebuttal, USCIS introduced a Homeland Security Investigation report and a Form I-213 Record of Deportable/Inadmissible Alien. According to the Form I-213, Siddique admitted in an interview with Homeland Security Investigation agents that he only married Vergel to obtain residency in the United States.

Siddique testified at the removal hearing and denied that he told immigration agents that he married Vergel to get residency. He testified that he had married Vergel because he loved her and for no other reason.

The immigration judge denied Siddique's petition to remove the conditions on his resident status and ordered him removed from the United States to Bangladesh. The immigration judge observed that Siddique had conceded removability, though he contested the factual allegation that his marriage to Vergel had not been bona fide. The immigration judge concluded that Siddique had not met his burden of showing that his marriage to Vergel was in good faith, so he was not eligible for a waiver of the joint filing requirements.

Siddique appealed the immigration judge's decision to the Board of Immigration Appeals, arguing that the immigration judge erred in denying his petition for a good-faith marriage waiver and removal of the conditions of residency. He argued that the immigration judge should not have admitted the Homeland

Security Investigation report and the form I-213 into evidence because the statements in the documents were hearsay and because the documents were not produced before the hearing so that he and his attorney could properly review them.

The Board of Immigration Appeals affirmed the immigration judge's decision and dismissed Siddique's appeal. Siddique did not file a petition in this Court for review of the BIA's dismissal order. He filed a motion for reconsideration, which the Board denied. Siddique now seeks our review of the Board's order denying his motion for reconsideration.

## II.

We review questions concerning our jurisdiction de novo. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). We review a Board of Immigration Appeals order denying a motion to reconsider for abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). The Board abuses its discretion "when it misapplies the law in reaching its decision" or "by not following its own precedents without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). Finally, we review the Board's decision on legal and constitutional issues de novo. *Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1172 (11th Cir. 2012).

## III.

We must consider first whether we have jurisdiction to entertain the petitioner's claims. *Bing Quan Lin*, 881 F.3d at 866. Under the Immigration and Nationality Act, we generally lack

jurisdiction to review a decision specified under 8 U.S.C. §§ 1151–1378 "to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). We retain jurisdiction to review such decisions only to the extent that the petitioner raises colorable constitutional or legal claims. 8 U.S.C. § 1252(a)(2)(D); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1275 (11th Cir. 2020) (en banc). To be colorable, a claim "must be non-frivolous" and "have some possible validity." *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1217 (11th Cir. 2023) (quotation omitted).

The decision whether to remove the conditional basis of permanent resident status for a noncitizen whose qualifying marriage was entered into in good faith is explicitly assigned to the discretion of the Secretary of Homeland Security by 8 U.S.C. § 1186a(c)(4). *See Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1252 (11th Cir. 2014). We therefore lack jurisdiction to review the denial of an application for a good-faith marriage waiver and removal of conditions on residency except to the extent that the petitioner raises colorable constitutional claims or questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(a)(2)(D); *Patel*, 971 F.3d at 1275. This jurisdictional bar extends to our review of the Board's related denial of a motion for reconsideration. *See Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1184 (11th Cir. 2014).

To assess our jurisdiction, therefore, we must determine whether Siddique raises any colorable legal or constitutional claims. In his petition for review, Siddique argues that the immigration judge and the Board violated his due process rights

23-10004                Opinion of the Court                7

by (1) failing to review USCIS's termination of his status and his removability;[1] (2) allowing the government to introduce the Form I-213 into evidence without producing the document to him before the hearing; and (3) showing bias against him by finding his testimony and the written statements he submitted less credible than the statements attributed to him by USCIS agents in the Form I-213.  He also argues that the immigration judge committed legal error in admitting the Form I-213 without requiring authentication or an appropriate foundation for the document.

We emphasize that our review is limited to the Board's December 12, 2022, order denying Siddique's motion for reconsideration.  We cannot review the earlier order dismissing Siddique's appeal because his petition for review was not filed within 30 days of that order as required by the Immigration and Nationality Act.  *See* 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*,

---

[1] We part ways with the concurrence on this issue in two respects.  First, based on Siddique's own summary of the argument, we understand his complaint to be that the immigration courts failed to review USCIS's termination of his status (on which the government would have borne the burden of proof), before reviewing the denial of his application for a good-faith marriage waiver (on which he bore the burden of proof).  *Compare* 8 U.S.C. § 1186a(b)(2) *with* § 1186a(c)(4).  Second, even if we focus solely on the burden of proof applied, our decision in *Bourdon v. U.S. Dep't of Homeland Sec.* is not controlling here. In *Bourdon*, we concluded that a specific provision of the Adam Walsh Act prohibited judicial review of the Secretary of Homeland Security's decisional process in determining whether a citizen posed a risk to his foreign spouse. 940 F.3d 537, 543–44 (11th Cir. 2019); *see* 8 U.S.C. § 1154(a)(1)(A)(viii)(I). Neither the Adam Walsh Act nor an agency no-risk determination are at issue here.

399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (the statutory period for filing a petition for review is "mandatory and jurisdictional" (quotation omitted)); *see also Stone v. I.N.S.*, 514 U.S. 386, 405 (1995) (a motion for reconsideration does not toll or extend the statutory deadline).

## A.

Turning first to the constitutional claims, we conclude that Siddique is unable to state any colorable claim for a violation of his due process rights. Whether to grant a motion for reconsideration and review a prior decision is "up to the Board in its discretion"; reconsideration is not available as a matter of right. *Santos-Zacaria v. Garland*, 598 U.S. 411, 424–25 (2023); *see* 8 C.F.R. § 1003.2(a) (2022). The "failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest and thus cannot deprive an alien of due process under the Fifth Amendment." *Ponce Flores*, 64 F.4th at 1218 (quotation omitted); *see Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (noncitizen had no constitutionally protected interest in reconsideration by the Board).

In addition, Siddique's due process claims have other fatal flaws. His claim that the immigration judge and the Board failed to review the termination of his conditional status or consider the issue of removability is without merit because he explicitly conceded removability during the removal hearing and did not raise either issue in his brief on appeal to the Board or in his motion

for reconsideration. The Board could not have abused its discretion in failing to reconsider an issue that Siddique did not raise.

As to Siddique's due process claim regarding the immigration judge's admission of the Form I-213, the Board held that he waived that claim by failing to object on any related ground before the immigration judge. Siddique does not address that conclusion in his brief filed in this Court, much less raise any colorable legal or constitutional claim arising from the Board's refusal to reconsider it.

And finally, although Siddique couches his argument about the immigration judge's decision to credit the Form I-213 over his testimony and witnesses in constitutional terms, his allegations of bias center on the judge's credibility determinations and the relative weight given to the evidence. As we have explained before, this "is a garden-variety abuse of discretion argument that is insufficient to state a legal claim over which we have jurisdiction under § 1252(a)(2)(D)." *Fynn*, 752 F.3d at 1253 (quotation omitted).

**B.**

Siddique also raises one claim of legal error: that the immigration judge and the Board erred in ruling that the Form I-213 was admissible as a business record without requiring proper authentication or foundation for the document. Siddique raised this argument for the first time before the Board in his motion for reconsideration. The Board ruled that, like Siddique's other contentions about the admissibility of the Form I-213, he waived

the argument by failing to object on those grounds before the immigration judge.

In his petition for review, Siddique again argues that the Form I-213 should have been excluded at the merits hearing for lack of authentication and foundation, but he does not challenge (or even mention) the Board's decision that he had waived those arguments by not raising them before the immigration judge. He therefore fails to make any colorable claim that the Board misapplied the law, failed to follow its own precedents, or otherwise abused its discretion in denying his motion for reconsideration. *See Ferreira*, 714 F.3d at 1243.

## IV.

Our jurisdiction to review the Board of Immigration Appeals order denying Siddique's motion for reconsideration is limited to colorable constitutional claims or questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(a)(2)(D); *Fynn*, 752 F.3d at 1252. Because none of the constitutional or legal claims Siddique raises in his petition are colorable, we must dismiss the petition for lack of jurisdiction. *See Ponce Flores*, 64 F.4th at 1217.

**PETITION DISMISSED.**

23-10004                JORDAN, J., Concurring in Part                1

JORDAN, Circuit Judge, concurring in part.

In his petition for review of the BIA's decision, Mr. Siddique raises five issues, some of which can be grouped together. Here's how I would resolve them.

• Mr. Siddique argues (issue 1) that the IJ violated his due process rights by placing the burden on him to establish that his marriage to Ms. Vergel was bona fide in violation of 8 C.F.R. § 1216.3. *See* Appellant's Br. at 8. I believe we lack jurisdiction to review this argument under *Bourdon v. U.S. Dept. of Homeland Security*, 940 F.3d 537, 542-46 (11th Cir. 2019), which involved a similar claim that immigration authorities had used an improper standard of proof. I dissented in *Bourdon*, but the case constitutes binding circuit precedent that we are obliged to follow.

• Mr. Siddique contends (issues 2, 3, and 4) that the IJ violated his due process rights when she allowed the government to file, submit, and introduce (i.e., admit) documents at the hearing despite not complying with the March 15 deadline for "all filings." One of these documents, he points out, was a hearsay report of an interview in which he allegedly stated that he had married Ms. Vergel to obtain residency. He denied making that statement at the hearing, but he contends that he was unable to secure witnesses on his behalf and conduct cross-examination of the report. *See* Appellant's Br. at 10-12, 13-14. In my view, the evidentiary arguments are foreclosed by *Fynn v. United States*, 752 F.3d 1250, 1252-54 (11th Cir. 2014), and similar decisions like *Contreras-Salinas v. Holder*, 585 F.3d 710, 713-14 (2d Cir. 2009). As for the due process

arguments, I think we have jurisdiction, *see Stewart v. Atty. Gen.*, 776 F. App'x 573, 576 (11th Cir. 2019), but those arguments fail once the evidentiary challenges are out of the calculus.

● Mr. Siddique asserts (issue 5) that the IJ was biased against him because she remarked (and prejudged) that Mr. Siddique and his affiants had "great reason not to speak candidly." Appellant's Br. at 17. It seems to me that we have jurisdiction to consider this claim of bias because it concerns the neutrality of the adjudicator and not the ultimate denial of relief. *See, e.g., Cardona-Franco v. Garland*, 35 F.4th 358, 363-64 (5th Cir. 2022). Nevertheless, the claim fails on the merits because the IJ made the statement in her oral decision (later reduced to writing) after the submission of evidence in an adversary proceeding. The IJ's decision to not credit the evidence submitted by Mr. Siddique is not suggestive of bias, but is instead within the province of the trier of fact.

I would dismiss the petition in part and deny it in part.